UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SPOKANE HOUSING AUTHORITY,<br><br>     Plaintiff,<br><br> v.<br><br>DAVID A. DELGADO,<br><br>     Defendant.| NO: 4:17-CV-5133-TOR<br><br>ORDER REMANDING CASE |
| DAVID A. DELGADO,<br><br>     Third Party Plaintiff,<br><br> v.<br><br>NATALIE COOPER and ERIC STEVEN<br><br>     Third Party Defendants. | |

BEFORE THE COURT is David A. Delgado's Pro Se Notice of Removal (ECF Nos. 1; 4). Plaintiff Spokane Housing Authority brought eviction proceedings

ORDER REMANDING CASE ~ 1

1  against Defendant David A. Delgado in Superior Court for the County of Spokane,
2  Washington in early February of 2019 (case number 19-200775-32).  *See* ECF No. 6
3  at 38 (evictions summons), at 42 (Plaintiff's complaint for unlawful detainer and
4  damages).  Defendant filed a notice of removal on February 26, 2019 and the case
5  was removed to this Court.  Defendant was later granted in forma pauperis status.
6  ECF No. 8.  In the notice of removal and elsewhere, Defendant seeks to assert claims
7  against the Spokane Housing Authority and two non-parties: Natalie Cooper and Eric
8  Steven.  However, having reviewed the record before the Court, the Court finds
9  removal was not proper and **remands** the case back to state court.

A defendant may remove a civil action filed in state court to federal court so long as the district court could have exercised original jurisdiction over the matter and the notice of removal is timely filed.  28 U.S.C. § 1441(a); 28 U.S.C. § 1446(b).  The Court may, *sua sponte*, remand a case where the removal was "defective because of lack of subject matter jurisdictions."  *Wisconsin DOC v. Schacht,* 524 U.S. 381, 392, (1998).  "Federal jurisdiction cannot be predicated on an actual or anticipated defense" or "an actual or anticipated counterclaim."  *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

The removal statute is strictly construed against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.

1992) (citation omitted). Indeed, there is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.* (citations omitted). "An order remanding a case to the state court which was removed under [28 U.S.C. § 1441(b)] is not reviewable on appeal or otherwise." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979) (citing 28 U.S.C. § 1447(d)).

The Court finds removal was not proper; remand is thus necessary. The Court does not have subject matter jurisdiction because (1) the parties are not diverse so as to establish diversity jurisdiction and (2) the Spokane Housing Authority's underlying complaint did not raise any federal questions. *See Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (remanding eviction proceeding brought by housing authority and removed by tenant back to state court). Even if Mr. Delgado raised a claim that implicates federal jurisdiction, "[f]ederal jurisdiction cannot be predicated on . . . an actual or anticipated counterclaim." *Vaden*, 556 U.S. at 60. Accordingly, the Court must **remand** the case back to state court.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

This case is **REMANDED** to the Spokane County Superior Court (case number 19-200775-32) for all further proceedings.

All pending motions and hearings in this Court are **DENIED** and **VACATED** as moot.

ORDER REMANDING CASE ~ 3

The District Court Executive is hereby directed to enter this Order, furnish copies to the parties, <u>mail a certified copy to the Clerk of the Spokane County Superior Court</u>, and **CLOSE** the file.

**DATED** April 29, 2019.



THOMAS O. RICE
Chief United States District Judge